**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

H.E. AMIR M. HAMZA,

                              Plaintiff,

        v.                                                             1:23-CV-0543 (MAD/CFH)

MIDAS, INC., et al.

                              Defendants.

---

**APPEARANCES:**

H.E. Amir M. Hamza
PO Box 281
Philmont, New York 12565
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

Plaintiff purported to commence this action on May 4, 2023, with the filing of a complaint and application for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 1 ("Compl."), 2 (IFP). After reviewing plaintiff's IFP application, the undersigned determines that plaintiff financially qualifies to proceed IFP for purposes of filing. Thus, the Court must review the sufficiency of plaintiff's complaint pursuant to 28 U.S.C. § 1915.[1]

---

[1] Plaintiff commenced another, unrelated case, close in time to this one. See Hamza v. Sollenberger, et al., 1:23-CV-355 (MAD/CFH). The Report-Recommendation & Order in that case is currently pending before the District Court.

## II. Legal Standard

Section 1915(e)[2] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). It is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Matheson v. Deutsche Bank Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where the plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, this approach "does not exempt a [pro se litigant] from compliance with

---

[2] The language of section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed that section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002). Accordingly, a financial assessment and, if determined to be financially qualified, a initial review of the complaint pursuant to section 1915 is required of any plaintiff who seeks to proceed IFP, regardless of their incarceration status.

relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  The Court may not "invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) .

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).[3]  Pleading guidelines are set forth in the Federal Rules of Civil Procedure.  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

---

[3]  The Court has provided plaintiff with copies of any unpublished cases cited herein.

3

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading

that only "tenders naked assertions devoid of further factual enhancement" does not suffice." Id. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal.  Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).  Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).

### III. **Complaint**

Plaintiff contends that this matter is before the Court pursuant to 28 U.S.C. §1332(a) and notes that he "seeks damages in excess of $75,000."  Compl. at 1. Plaintiff notes that defendant Midas, Inc. "is a Delaware Corporation with Corporation Service Company as the designated agent."  Id.  Plaintiff provides that both Midas Realty Corporation and Midas International, LLC are "foreign Business Corporation[s] registered with the Oregon Secretary of State, Corporate Division with a principal business address[in] . . . Florida." Id. at 2.  Defendant further provides that defendant

5

Gabriel Karathomas is a New York State resident, and "the sole member of Defendant 56 Healy." Id.  Plaintiff contends that defendant 56 Healy "is the owner of the commercial property known as 56 Healy Boulevard, in the Town of Greenport, Columbia County, New York." Id.  Plaintiff further provides that 56 Healy and Mr. Karathomas "are the current owners of Midas Muffler Brake of Hudson, Inc." Id. at 5.  Plaintiff states that defendant 56 Healy "is the owner of the residential condominium located at 5005 Forest Point Drive, in the Town of Clifton Park, Saratoga County[,]" where defendant Mr. Karathomas resides. Id. at 3.

Plaintiff explains that he took his vehicle, "a replica 1929 Mercedes-Benz SSK 'Gazelle' . . . to Defendants['] automotive repair facility" at "the end of September 2020." Compl. at 6.  Plaintiff and Mr. Karathomas discussed repairs, including "repairing and adjusting the carburetor, check the brakes, and examine the engine for any other repairs necessary to improve performance." Id.  Plaintiff "authorized the repairs which included replacing the intake manifold gasket, oil changes, replacing spark plugs, starter . . . , and setting timing and vacuum." Id. at 7.  Plaintiff contends that "similar models [of his vehicle] available for sale cost upwards of $15,900." Id.

Plaintiff first alleges that either defendant Karathomas or an employee "took the Gazelle on a test drive," resulting in the destruction of the "shaft" which was "literally broken into a million pieces." Compl. at 7.  The cost of the replacement shaft was $711.00. See id. at 8. Plaintiff provides that he retrieved the vehicle after all the repairs were completed on or about September 24, 2020. Id. at 8.  After picking up the vehicle, plaintiff "was able to drive the Gazelle a couple times after picking it up from Defendants; then on November 5, 2021, while driving the Gazelle into Hudson, New

6

York, with his son, about 7 miles from Plaintiff's home, Plaintiff's son smelled a burning smell." Id.  Flames "began coming from below the hood," and one minute after plaintiff and his son exited the vehicle, "it was already in flames." Id.  Shortly thereafter, "the flames reached the gas tank and the Gazelle exploded." Id.

Plaintiff contends that viewing the explosion caused great emotional distress and trauma to plaintiff and his young son from "watch[ing] his 'favorite car' burn to beyond recognition."  Compl. at 9.  Plaintiff further contends, in "later legal proceedings involving the Plaintiff and his former spouse," the former spouse accused plaintiff of endangering their child for driving the child in the vehicle "and 'working on' the Gazelle himself which resulted in the explosion."  Id.  Plaintiff states that he suffers "due to the accusations by the Plaintiff's former spouse."  Id.  Plaintiff contends that upon defendants' return of the vehicle to plaintiff following the completion of the repairs, "the only concern written on the invoice was that these [sic] was that [sic] 'there is a possibility of head gaskets leaking as well so this must be kept a close watch by customer.'" Id. at 10.  Plaintiff alleges that there was "no indication of any concerns regarding fire, fuel issues, or any such concern related to the potential for any danger for a fire or explosion."  Id.

Plaintiff avers that because the vehicle was a total loss, it was not possible to determine the cause of the fire; however, plaintiff proposes that the cause "can easily be deduced" and believes it to be a failure to "properly install the fuel lines."  Compl. at 10. Plaintiff contends that because he rarely drives the vehicle, taking it out only on "sunny days and those while his son is with him," the day of the incident in question "was the day the fuel lines leaked to the point of causing a fire."  Id.

7

Plaintiff indicates that he seeks to bring a claim for "professional negligence." Compl. at 11.  Plaintiff argues that defendants have also caused him "negligent infliction of emotional harm." Id.  Plaintiff contends that the cost of replacing the vehicle is "at least $15,900 to $25,000, that is, if Plaintiff can find a suitable replacement within reasonable distance." Id.  Plaintiff seeks "punitive damages of at least $75,000 for the emotional distress caused by the fire and loss of a prized and rare possession." Id.  Plaintiff contends that he and his minor son, who is not a named plaintiff, "have suffered severely for the loss of his rare and hard to find Gazelle," including suffering "severe shock due to the explosion and [they] continue to suffer from depression due to the loss." Id.  Plaintiff also reiterates that his former spouse accuses him of putting his child "in harms way, when, in fact, the Defendants were the cause of the danger." Id.

### IV.  **Discussion**

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction.  See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005).  Federal jurisdiction is only available when a "federal question" is presented, 28 U.S.C. § 1331, or the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $ 75,000.  See 28 U.S.C. § 1332. When a court lacks subject matter jurisdiction, dismissal is mandatory.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se litigant's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including

establishing that the court has subject matter jurisdiction over the action." Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order) (internal citation omitted).

Here, the Court has neither federal question jurisdiction nor diversity jurisdiction. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). The allegations in plaintiff's complaint do not cite any federal authority as the basis for his claims, and the federal nature of plaintiff's claims is not otherwise apparent, nor can it be reasonably inferred from the allegations in the complaint. To the contrary, as noted above, plaintiff's complaint makes clear that his claim involves state law claims for negligence.

Further, there is no diversity jurisdiction. To demonstrate diversity jurisdiction, a plaintiff must demonstrate that he is a citizen of a different state from all of the defendants. See Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir. 1992) ("complete diversity [is required] between all plaintiffs and all defendants."). Thus, if any defendant is also a "citizen" of New York, there is not complete diversity jurisdiction. Plaintiff provides that Mr. Karathomas is a citizen of New York State as is 56 Healy and Midas Muffler Brake of Hudson, Inc. See Compl. Although some of the corporate named defendants are located outside of the State of New York, because some of the named defendants are New York State citizens – the same state of which plaintiff is a citizen – plaintiff cannot demonstrate complete diversity jurisdiction.

9

A court may properly dismiss a case where it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Having concluded that the complaint fails to establish that this Court has subject matter jurisdiction over plaintiff's complaint, the case must be dismissed. "Because the Court lacks subject matter jurisdiction, however, it cannot dismiss the Complaint with prejudice." Mendez v. Albany Cnty. Dep't of Soc. Servs., No. 119-CV-468 (LEK/CFH), 2019 WL 5485178, at *2 (N.D.N.Y. Oct. 25, 2019) (citing Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.")).

In general, a court should not dismiss claims contained in a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987

F.2d 129, 131 (2d Cir. 1993); accord Brown v. Peters, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

Here, because "the jurisdictional defects could not be cured by an amendment," the undersigned recommends that the Court "den[y] leave to amend." Mendez, 2019 WL 5485178, at *2 (citing Rogers v. Clinton, No. 19-CV-175, 2019 WL 3469462, at *5 (N.D.N.Y. Apr. 1, 2019) (dismissing without prejudice for lack of subject matter jurisdiction, but denying leave to amend) report and recommendation adopted, 2019 WL 3454099 (N.D.N.Y. July 31, 2019) (Kahn, J.). The undersigned further recommends that the dismissal be without prejudice to plaintiff seeking to pursue this action in the appropriate New York State forum.[4]

### V. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application, dkt. no. 2, is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint, dkt. no. 1, be **DISMISSED WITHOUT PREJUDICE** to plaintiff commencing an action in an appropriate New York State forum, due to lack of subject matter jurisdiction before this Court, but **WITHOUT LEAVE TO AMEND**; and it is

**ORDERED**, that the Clerk of the Court serve plaintiff with this Report-Recommendation & Order in accordance with this District's Local Rules.

---

[4] The undersigned makes no finding on whether plaintiff can successfully commence or continue with a proceeding in New York State courts.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[5]

Dated: September 11, 2023
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. See Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(c).