UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

H.E. AMIR M. HAMZA,

                             **Plaintiff,**

  vs.                                                       1:23-CV-543
                                                                    (MAD/CFH)

MIDAS, INC., MIDAS INTERNATIONAL,
LLC, MIDAS REALTY CORPORATION,
56 HEALY BLVD., LLC, and GABRIEL
KARATHOMAS,

                              **Defendants.**
_____

APPEARANCES:                                  OF COUNSEL:

H.E. AMIR M. HAMZA
P.O. Box 281
Philmont, New York 12565
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On May 4, 2023, Plaintiff H.E. Amir M. Hamza commenced this action, *pro se*, against Defendants Midas, Inc., Midas International, LLC, Midas Realty Corporation, 56 Healy Blvd., LLC, and Gabriel Karathomas. *See* Dkt. No. 1. Plaintiff alleged that he took his vintage Mercedes-Benz vehicle to Defendants for repairs and their actions resulted in damage to and the subsequent explosion of his vehicle. *See id.* Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

      On September 11, 2023, Magistrate Judge Christian F. Hummel issued an Order and Report-Recommendation granting Plaintiff's IFP motion. *See* Dkt. No. 5. Magistrate Judge Hummel also reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and recommended

that the complaint be dismissed without prejudice to Plaintiff commencing an action in an appropriate New York State forum, due to this Court's lack of subject matter.  *See id.* at 11.

Plaintiff did not file any objections to the Order and Report-Recommendation.  When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the report-recommendation for clear error.  *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his complaint under a more lenient standard.  *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003).  The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis."  *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Having reviewed the September 11, 2023, Order and Report-Recommendation, Plaintiff's complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Hummel's recommendation.  Magistrate Judge Hummel correctly determined that Plaintiff's complaint should be dismissed because Plaintiff failed to establish this Court's subject matter

jurisdiction through either diversity jurisdiction or federal question jurisdiction. *See* Dkt. Nos. 1, 5; *see also Wright v. Musanti*, 887 F.3d 577, 583-84 (2d Cir. 2018) (quoting U.S. Const. art. III, § 2) ("Article III of the Constitution authorizes federal court jurisdiction over several types of cases, including those 'arising under' federal statutes (what is referred to as federal question jurisdiction), and those involving 'Citizens of different States' (what is referred to as diversity jurisdiction)").

The Court also agrees with Magistrate Judge Hummel's explanation and conclusion concerning amendment of Plaintiff's complaint. *See* Dkt. No. 5 at 10-11. Although *pro se* plaintiffs must usually be given an opportunity to amend their complaint, that is only where amendment could cure the deficiencies in the complaint. *See Dallio v. Hebert*, 678 F. Supp. 2d 35, 54 (N.D.N.Y. 2009). The Court's lack of jurisdiction over the claims in Plaintiff's complaint cannot be cured by amendment; therefore, amendment is not warranted. *See, e.g.*, *Beck v. Babel*, No. 3:19-CV-341, 2020 WL 777189, *3 (N.D.N.Y. Feb. 18, 2020); *Salma v. NASA Dep't Headquarter*, No. 20-CV-5748, 2020 WL 5210951, *2 (S.D.N.Y. Aug. 31, 2020). However, because the Court is dismissing the complaint for lack of subject matter jurisdiction, the dismissal must be without prejudice. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice** to Plaintiff commencing an action in an appropriate New York State forum, due to lack of subject matter jurisdiction before this Court;[1] and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case;

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: March 7, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] The Court notes, as Magistrate Judge Hummel did, that in allowing Plaintiff to file an action in state court, the Court makes no finding as to the potential success of any of his claims. *See* Dkt. No. 5 at 11 n.4.